UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER J. DIRIG,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-851-JD-MGG

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, commenced this case by filing a motion for a preliminary injunction but did not pay a filing fee. The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). For purposes of § 1915(g), a strike is defined as a dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is. 28 U.S.C. § 1915(g). A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. *Id.*

Dirig has accrued three strikes under the Prison Litigation Reform Act and cannot proceed in this case without full payment of the filing fee, absent an allegation of imminent danger of serious physical injury. *See Dirig v. Warden*, 3:18-cv-356 (N.D. Ind. filed May 14, 2018); *Dirig v. GEO/New Castle Correctional Facility*, 1:17-cv-70 (S.D. Ind.

filed January 9, 2017). In order to meet the imminent danger standard, the threat at issue must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the instant motion, Dirig seeks an order directing prison officials to provide him with crutches. He alleges that he cannot walk "unless he holds onto objects, furniture, or walls" and that medical staff has refused to provide him with crutches. Based on the allegations, it appears that the lack of assistive devices causes Dirig some difficulty, and the allegations may even state a claim of deliberate indifference under the Eighth Amendment. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). However, it is not clear from the motion that the refusal to provide crutches amounts to an imminent threat of serious physical injury or presents a genuine emergency. Without additional detail regarding the need for crutches, Dirig cannot proceed on these allegations.

Dirig also seeks an order to allow him to remain in administrative segregation until his release from custody in September 2019. He alleges that, on October 15, 2018, he refused to sign documents for placement in general population. Dirig also contends that he would not be safe in general population because he would be unable to defend himself from other inmates. Under the Eighth Amendment, a duty is imposed on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section

1983 claim against prison officials for failure to protect, [the plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). These risks include "risks attributable to detainees with known propensities of violence toward a particular individual or class of individuals; to highly probable attacks; and to particular detainees who pose a heightened risk of assault to the plaintiff" or heightened risks based on the characteristics of the plaintiff. *Id.* "[A] deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). As noted by the Seventh Circuit:

> Prison employees who act with deliberate indifference to the inmates' safety violate the Eighth Amendment. But to be guilty of "deliberate indifference" they must know they are creating a substantial risk of bodily harm. If they place a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent—even grossly negligent or even reckless in the tort sense—in failing to know. But if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference.

*Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

Though Dirig expresses concern regarding his ability to defend himself from attacks by other inmates, he alleges nothing to suggest that there is a substantial risk

3

that such an attack will occur, nor can the court infer from the allegations that such an attack is "almost certain to materialize if nothing is done." Similarly, there is nothing to suggest that placement in general population would put Dirig in imminent danger of serious physical injury. For example, he does not allege that he has received threats of violence, explain why other inmates would target him, or even identify the date he might be placed in general population. Absent any suggestion that Dirig is faced with a substantial and imminent risk of attacks from other inmates, he cannot proceed on these allegations.

Nevertheless, the court will allow Dirig an opportunity to clarify his claims by filing a complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On the first page of the complaint, Dirig must put the cause number of this case which is on the first page of this order However, he should only file a complaint if he believes that he can address the deficiencies mentioned in this order.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 1);

(2) GRANTS Christopher J. Dirig until November 22, 2018, to file a complaint; and

(3) CAUTIONS Christopher J. Dirig that, if he does not respond by that deadline, this case will be dismissed without further notice.

4

SO ORDERED on October 24, 2018

                                                                             /s/ JON E. DEGUILIO  
                                                                             JUDGE  
                                                                             UNITED STATES DISTRICT COURT