UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER J. DIRIG,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-851-JD-MGG

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, filed an amended complaint but did not pay a filing fee. The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). For purposes of § 1915(g), a strike is defined as a dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is. 28 U.S.C. § 1915(g). A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. *Id.*

Dirig has accrued three strikes under the Prison Litigation Reform Act and cannot proceed in this case without full payment of the filing fee, absent an allegation of imminent danger of serious physical injury. *See Dirig v. Warden*, 3:18-cv-356 (N.D. Ind. filed May 14, 2018); *Dirig v. GEO/New Castle Correctional Facility*, 1:17-cv-70 (S.D. Ind. filed January 9, 2017). In order to meet the imminent danger standard, the threat at

issue must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the complaint, Dirig alleges that weakness in his left leg makes walking difficult. As a result, he cannot safely access the showers, and his risk of falling and incurring injury is exacerbated by seizures, dizziness, and a history of head injuries. He also alleges that he experiences extreme pain on a daily basis and has had life-threatening blood clots due to his lack of mobility. He seeks an orthopedic consultation, a cane, and pain relief. Because Dirig has already litigated the issue of whether his ability to access to the showers constitutes a credible threat of physical harm, the court will not allow him to proceed on this allegation. *See Dirig v. Warden*, 3:18-cv-356 (N.D. Ind. filed May 14, 2018). However, with the remaining allegations, Dirig adequately alleges imminent danger of serious physical injury.

"The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – will be limited to requiring prison officials to provide medical care and to accommodate Dirig for his left leg injury as required by the Eighth Amendment.

Dirig names the Indiana State Prison, the Department of Correction Commissioner, and Warden Ron Neal as defendants. He cannot proceed against the Indiana State Prison because it is a facility, not an individual, corporation, or governmental entity that can be sued. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Further, though the Commissioner likely has the requisite authority, the Warden, by virtue of his position, is better situated to enforce injunctive relief in the event that such relief is granted, and allowing Dirig to proceed against both defendants serves no apparent purpose. Therefore, Dirig may proceed only against Warden Ron Neal in his official capacity.

As a final matter, Dirig filed a motion asking for photographs that would allow him to demonstrate that his cellhouse is not equipped with handicap accessible showers. However, Dirig has not been granted leave to proceed on allegations related to shower access. Therefore, this motion is denied.

For these reasons, the court:

(1) GRANTS Christopher J. Dirig leave to proceed against Warden Ron Neal in his official capacity on an injunctive relief claim for medical care and accommodations for his leg injury as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana State Prison and the IDOC Commissioner;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Ron Neal at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 7) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(6) DENIES the motion for photographs (ECF 9).

SO ORDERED on January 10, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT