UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRIG, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-851-JD-MGG |
| RON NEAL, | |
| Defendant. | |

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, proceeds on a claim for injunctive relief against the Warden of the Indiana State Prison in his official capacity for medical care and accommodations for his leg injury as required by the Eighth Amendment. ECF 14. He alleges that, after his transfer to the Indiana State Prison in May 2018, medical staff determined that a wheelchair for Dirig was medically unnecessary and confiscated his wheelchair. As a result, he is at a greater risk of falling and incurring injury, which is exacerbated by seizures, dizziness, and a history of head injuries. He also alleges that he experiences extreme pain on a daily basis and has had life-threatening blood clots due to his lack of mobility.

In the instant motion, the Warden seeks summary judgment, arguing that Dirig has not exhausted his administrative remedies because he has not completed the grievance process with respect to his claim. In response, Dirig maintains that the Warden is not entitled to summary judgment for several reasons, including his

numerous requests to correctional staff and that he did not file a grievance because it would have been untimely under the grievance policy.[1]

In a declaration, Joshua Wallen, grievance specialist at the Indiana State Prison, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 85 at 7. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* at 16-17. If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* at 17-19. If an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the warden or his designee. *Id.* at 19-20. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* at 20-21.

According to the grievance records, Dirig filed two grievances at the Westville Correctional Facility in August 2017 and January 2018 asking for assistance devices, such as a wheelchair or a cane. *Id.* at 33-46. Though Dirig completed the appeal process with respect to these grievances, they were filed prior to his transfer to the Indiana State Prison and were denied on both occasions because Dirig had received assistive devices during the course of the grievance process. *Id.* On August 13, 2018, Dirig filed a

---

[1] After filing this response, Dirig filed a document entitled "Motion to Comply," which appears to be a certificate of service for his response to the motion for summary judgment. ECF 101. Dirig has already attached a certificate of service to his response (ECF 95 at 175), so this motion is denied as unnecessary.

grievance regarding the failure to address the side effects of his prescribed blood pressure medication. *Id.* at 47-57. On December 17, 2018, Dirig filed a grievance regarding the failure to treat constipation and his inability to urinate. *Id.* at 58-63.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The defendants moved for summary judgment, arguing that Dirig has not exhausted his administrative remedies because he has not completed the grievance process with respect to his claim. Dirig does not contest that he did not complete the grievance process but raises several arguments to dispute the availability of the

grievance process. To start, Dirig argues that he exhausted his administrative remedies by requesting assistance from correctional staff for medical treatment and accommodations for his leg injury on numerous occasions. However, these requests for assistance are insufficient to show exhaustion because the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025.

Dirig also represents that he was unaware of the revised grievance policy and that the grievance policy did not apply to him because he is disabled. He refers to a separate departmental policy that directs physically disabled inmates to seek accommodations from an ADA Coordinator. Indiana Department of Correction, Offenders/Youth with Physical Disabilities, available at https://www.in.gov/idoc/files/00-02-202%20Offenders%20with%20%20 Disabilities%203-1-2019.pdf. While the ADA Coordinator may be the primary contact for inmates seeking disability accommodations, there is nothing in the disability policy or the grievance policy to suggest that the grievance policy does not apply to the denial of a request for an accommodation. To the contrary, the grievance policy broadly applies to "[t]he manner in which staff members interpret and apply the policies, procedures, or rules of the Department or of the facility." ECF 85 at 11. Further, the record indicates that Dirig had

submitted and appealed grievances with respect to medical issues and disability accommodations both before and after his transfer to the Indiana State Prison, which demonstrates that Dirig knew how to complete the grievance process with respect to his claim. Moreover, even if he was unfamiliar with the grievance process, the policy was available upon request at the facility law library.

Next, Dirig argues that the defendants are not entitled to summary judgment because he submitted a grievance but never received a response from the grievance officer. ECF 95 at 12. While correctional staff are not allowed to unfairly prevent inmates from exhausting their remedies, *Dole*, 438 F.3d at 809, Dirig's description of his attempt to complete the grievance process is too vague to defeat summary judgment. He has not attached any documentation regarding this attempt, and he offers no description of what the grievance said or when he submitted it.

In another filing,[2] Dirig represents that, when he contacted Counselor Hale, she told him not to file a grievance until she was able to contact the medical unit and her supervisor. ECF 103 at 2. He states that they did not respond and that he never submitted a grievance because it would have been untimely according to the grievance policy, which requires inmates to submit grievances within ten days of the underlying incident. *Id.* To support this argument, he asks to subpoena a written statement from

---

[2] Dirig titled this filing as a "Motion Objecting to Defendant's Reply in Support of the Motion for Summary Judgment," which the court construes as a sur-reply. ECF 103. Though the local rules do not authorize the parties to file sur-replies, N.D. Ind. L.R. 65-1, the court will nevertheless consider this argument.

5

Counselor Hale.[3] The court cannot grant this request because the Federal Rules of Civil Procedure do not authorize the court to subpoena written statements or answers to interrogatories from non-parties. *See* Fed. R. Civ. P. 33 (interrogatories may be served on "any other party"); Fed. R. Civ. P. 45 (omitting interrogatories or written statements from the list of the types of discovery the court may subpoena from non-parties). Nor is it clear why Dirig needs a written statement from Counselor Hale given his personal knowledge of his efforts to exhaust his claim and the court's obligation to construe all facts in the light most favorable to him in resolving the instant motion for summary judgment.

Additionally, even if Dirig reasonably refrained from filing a grievance at Counselor Hale's direction for some time, it would not excuse him from filing a grievance entirely. While the grievance policy generally requires inmates to submit grievances within ten days of an incident, it also allows for extensions of time for good cause. ECF 85 at 21. As a result, it is unclear that Dirig's grievance would have been deemed untimely under the policy if he had filed it. Further, even if there was a reasonable likelihood that filing a grievance would have been denied as untimely, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can

---

[3] Dirig presented this request in several filings after the motion for summary judgment was fully briefed, and the Warden moves to strike them. ECF 106, ECF 107, ECF 109, ECF 115. While these requests are futile, the court declines to strike them from the electronic docket because it is unclear how these filings prejudice the Warden. *See Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.").

know whether administrative requests will be futile; the only way to find out is to try.").

In sum, the undisputed evidence demonstrates that Dirig did not exhaust his available administrative remedies with respect to his claim regarding medical care and accommodations for his leg injury. Therefore, the motion for summary judgment is granted, and there are no remaining claims in this case.

For these reasons, the court:

(1) DENIES as UNNECESSARY the motion to comply (ECF 101)

(2) CONSTRUES the motion objecting to the defendant's reply (ECF 103) as a sur-reply to the motion for summary judgment;

(3) DENIES the motion to strike (ECF 109); and

(4) DENIES the request for a subpoena (ECF 115);

(5) GRANTS the motion for summary judgment (ECF 83);

(6) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on October 1, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT